# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**CARLA HAGA,**
**Claimant Below, Petitioner**

**vs.)   No. 20-0404** (BOR Appeal No. 2054870)
              (Claim No. 2018025743)

**WAL-MART ASSOCIATES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Carla Haga, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Wal-Mart Associates, Inc., by Counsel Karin L. Weingart, filed a timely response.

The issues on appeal are medical benefits, temporary total disability benefits, and an additional compensable condition. The claims administrator denied a request for pain management and a spinal cord stimulator trial on April 10, 2019. On May 30, 2019, the claims administrator closed the claim for temporary total disability benefits. The claims administrator denied the addition of L2-3 disc herniation to the claim on June 6, 2019. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decisions in its November 21, 2019, Order. The Order was affirmed by the Board of Review on May 21, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]

1

(c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Ms. Haga, a deli stockperson, injured her back and shoulder while lifting a heavy case of chicken on May 24, 2018. The Employees' and Physicians' Report of Injury, completed that day, indicates Ms. Haga injured her back and shoulder while performing heavy lifting at work. The physician's section was completed at MedExpress and listed the diagnoses as left shoulder and back injuries. The treatment note from MedExpress indicates Ms. Haga was seen after she injured her back and left shoulder while loading cases of chicken that day at work. She was diagnosed with lumbar sprain, thoracic sprain, and shoulder joint sprain. Ms. Haga could return to work on May 28, 2018. The claim was held compensable for lumbar sprain, thoracic sprain, and left shoulder joint sprain on May 29, 2018. Ms. Haga was disabled for less than four days and was therefore eligible only for medical treatment and expenses.

A thoracic and lumbar spine MRI was performed on June 8, 2018, and showed T9-10 and L2-3 disc herniations with neuroforaminal compromise and underlying disc degeneration, L4-5 bilateral neuroforaminal compromise, L3-4 left neuroforaminal compromise, multilevel disc degeneration in every thoracic and lumbar disc (most pronounced at L4-5 and L5-S1), and thoracolumbar spondylosis. A June 22, 2018, left shoulder MRI showed a four millimeter by five millimeter supraspinatus tendon tear and a partial thickness tear of the infraspinatus tendon.

Ms. Haga sought a consultation with Robert Crow, M.D., on June 27, 2018, for thoracic and lumbosacral pain and tingling radiating into the left buttock and thigh. It was noted that an MRI showed multilevel spondylosis. Dr. Crow diagnosed lower back strain and recommended physical therapy. On July 3, 2018, Ms. Haga saw Johnny Walker, M.D., who diagnosed low back pain. Dr. Walker recommended Ms. Haga continue physical therapy and referred her to a surgeon.

In a July 12, 2018, orthopedic consultation, S. Brett Whitfield, M.D., diagnosed left shoulder rotator cuff strain, bursitis, rotator cuff tendonitis, and very small partial thickness supraspinatus tendon tear. He opined that the compensable injury caused the strain and possible small supraspinatus tendon tear. Dr. Whitfield opined that the tear was not significant and did not

require surgery. He further opined that the compensable injury caused rotator cuff weakness resulting in the development of tendonitis and bursitis.

Ms. Haga sought treatment from Rajesh Patel, M.D., on July 25, 2018. Dr. Patel performed x-rays, which showed disc degeneration, no fractures or dislocations, mild scoliosis, multilevel facet arthropathy, and L5-S1 disc degeneration. Dr. Patel diagnosed thoracic strain, lumbar strain, left shoulder rotator cuff strain, L3-4 lateral recess narrowing, degenerative disc disease from L1 to S1, and disc herniations at T9-10 and L2-3. Dr. Patel recommended conservative treatment and stated that surgery was not indicated. He recommended Ms. Haga remain off of work until her pain lessened and advised her to watch for signs of radiculopathy. Ms. Haga returned to Dr. Patel on September 5, 2018, and reported severe lower back, left hip, and left leg pain. Dr. Patel diagnosed thoracic strain, lumbar strain, left shoulder rotator cuff strain, T9-10 disc herniation, L2-3 disc herniation, L3-4 lateral recess narrowing, and lumbar degenerative disc disease. Dr. Patel noted that the thoracic disc herniation was deteriorating. Ms. Haga was to remain off of work until she underwent an EMG. The EMG was performed on December 4, 2018, by Barry Vaught, M.D., and showed no indications of radiculopathy or neurological abnormalities.

On December 12, 2018, Dr. Patel noted that Ms. Haga underwent facet injections, but they provided no pain relief. Ms. Haga reported increased pain in her leg and that physical therapy worsened the pain. Dr. Patel found that although the EMG was negative, Ms. Haga exhibited radicular symptoms in her left leg. Dr. Patel recommended transforaminal epidural injections at L4-5 and L5-S1. Ms. Haga was to remain off of work until her pain improved. Dr. Patel stated that if Ms. Haga could get a TLSO brace, she could transition back to modified duty. On January 3, 2019, Dr. Patel administered injections at L3-4, L4-5, and L5-S1 for the diagnoses of lumbar sprain, L2-3 disc herniation, L3-4 lateral recess narrowing, lumbar radiculitis, lumbar facet sprain, neural lumbago, and collapsed L4-5 disc. Ms. Haga returned to Dr. Patel on February 4, 2019, and reported that facet injections provided more pain relief than the prior epidural injections. Dr. Patel stated that since the injections helped, Ms. Haga should see a pain clinic for facet ablation and should consider a spinal cord stimulator. Surgery was not recommended given Ms. Haga's multilevel degenerative disc disease. Ms. Haga was to remain off of work. On April 3, 2019, Ms. Haga reported that she was not making progress with her lower back and leg pain. Dr. Patel again stated that because conservative treatment had largely failed, a spinal cord stimulator would be reasonable. Ms. Haga was to be referred to a pain clinic and was to remain off of work. The claims administrator denied a request for pain management and a spinal cord stimulator trial on April 10, 2019.

David Soulsby, M.D., performed an Independent Medical Evaluation on May 9, 2019, in which he found that Ms. Haga had reached maximum medical improvement. He diagnosed thoracic sprain, thoracic degenerative disc disease, lumbar sprain, lumbar degenerative disc disease, and left shoulder partial rotator cuff tear. Dr. Soulsby opined that the only conditions that resulted from the compensable injury were thoracic, lumbar, and left shoulder sprain. Dr. Soulsby stated that Ms. Haga had had similar complaints for at least ten years prior to the compensable injury and that there are no objective findings of an acute injury. Further, Dr. Soulsby found evidence of preexisting degenerative disc disease in Ms. Haga's cervical, thoracic, and lumbar spine. The left shoulder MRI findings were consistent with degeneration due to impingement

3

syndrome. Dr. Soulsby opined that facet and epidural injections were not necessary treatment for the compensable injury but were instead aimed at treating preexisting degenerative disc disease. Dr. Soulsby found no need for a spinal cord stimulator and stated that if one were necessary, it would not be related to the compensable injury. Ms. Haga had reached maximum medical improvement.

In a May 1, 2019, letter, Dr. Patel stated that Ms. Haga initially presented with mid back, lower back, and leg pain. He prescribed conservative treatment and when those failed, injections. The facet injections reduced Ms. Haga's pain. Dr. Patel stated that his diagnoses were lumbar sprain, thoracic sprain, and L2-3 disc herniation. Because conservative treatment failed, Ms. Haga was referred to pain management and a possible spinal cord stimulator trial. Dr. Patel included a Diagnosis Update requesting that L2-3 disc herniation be added to the claim. The claims administrator closed the claim for temporary total disability benefits on May 30, 2019. On June 6, 2019, the claims administrator denied the addition of L2-3 disc herniation to the claim.

In its November 21, 2019, Order, the Office of Judges affirmed the claims administrator's decisions denying a request for pain management and a spinal cord stimulator trial, closing the claim for temporary total disability benefits, and denying the addition of L2-3 disc herniation to the claim. The Office of Judges first addressed the request for the addition of L2-3 disc herniation to the claim. It found that the initial MRI showed a disc herniation but also showed degenerative disc disease. Dr. Crow, a neurosurgeon, diagnosed lower back strain but did not mention the disc herniation. Dr. Patel, Ms. Haga's treating physician, asserts that the L2-3 disc herniation resulted from the compensable injury. Dr. Patel acknowledged Ms. Haga's degenerative disc disease but stated that L2-3 disc herniation "could be added" to the claim. The Office of Judges found his wording to be uncertain. The Office of Judges concluded that given the lack of a medical report stating that, within a reasonable degree of medical certainty, the L2-3 disc herniation is the result of the compensable injury, the condition could not be added to the claim.

The Office of Judges found that the claim is only compensable for thoracic, lumbar, and left shoulder sprains, and pursuant to West Virginia Code of State Rules § 85-20, those conditions should have resolved long ago. Dr. Soulsby found that Ms. Haga had reached maximum medical improvement for the compensable injury and opined that any further treatment, including referral to a pain clinic and a spinal cord stimulator, were aimed at treating preexisting degenerative disc disease. The Office of Judges found his opinion persuasive. Because Ms. Haga reached maximum medical improvement, the claim was properly closed for temporary total disability benefits. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 21, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). A preponderance of the evidence indicates that Ms. Haga suffered from degenerative disc disease prior to the compensable injury. In his evaluation, Dr. Soulsby opined that the only conditions that resulted from the compensable injury were lumbar, thoracic, and left shoulder sprains. His opinion

is supported by the record. Pursuant to West Virginia Code § 23-4-1(a), workers' compensation benefits shall be provided to those employees who have received personal injuries in the course of and as a result of their covered employment. The claims administrator must provide medically related and reasonably required sums for healthcare services, rehabilitation services, durable medical and other goods, and other supplies. Because L2-3 disc herniation is not a compensable condition in the claim, treatment for such cannot be authorized. The record is clear that the requested referral to a pain clinic and spinal cord stimulator trial are aimed at treatment of Ms. Haga's preexisting degenerative disc disease and L2-3 disc herniation. Finally, regarding the closure of the claim for temporary total disability benefits, West Virginia Code § 23-4-7a, provides that temporary total disability benefits will cease when the claimant has reached maximum medical improvement, has been released to return to work, or has returned to work, whichever occurs first. In this case, Ms. Haga has been found to have reached her maximum medical improvement, and her claim was therefore closed for temporary total disability benefits.

Affirmed.

**ISSUED:  September 22, 2021**

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton